IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Eleanor Wood,                          )
                                       )        C.A. No. 6:05-1487-HMH
                    Plaintiff,         )
                                       )
            vs.                        )        **OPINION AND ORDER**
                                       )
Verizon Wireless Short Term Disability )
Plan,                                  )
                                       )
                    Defendant.         )


        This matter is before the court for review of the Verizon Wireless Short Term

Disability Plan ("Plan") administrator's decision to deny short-term disability ("STD")

benefits to Eleanor Wood ("Wood") under a plan governed by the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  Wood seeks benefits

pursuant to 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and costs pursuant to 29 U.S.C.

§ 1132(g).  (Joint Stipulation ¶ 1.)  The parties have filed the joint stipulation, memoranda in

support of judgment, and replies pursuant to the court's Specialized Case Management Order

for ERISA benefits cases.  The parties agree that the court may dispose of this matter without

a hearing.  (Joint Stipulation ¶ 8.)

        Wood has asserted that she is entitled to STD benefits under the Plan for the period of

September 24, 2004, through her return to work on January 3, 2005.  Her treating physician,

Dr. Alexander Patrick ("Dr. Patrick"), stated in his affidavit that Wood was disabled during

that period.  (R. 45.)  However, in a previous report, Dr. Patrick concluded that Wood could

1

return to work on November 30, 2005.  (Id. 47.)  This discrepancy cannot be addressed by the court because Dr. Patrick's medical records for December 2004 ("December records") are not in the record and were not in the record when Wood appealed the decision of the claims administrator, Metropolitan Life Insurance Company ("MetLife"), on November 29, 2004, due to the timing of Wood's appeal.  See Bernstein v. CapitalCare, Inc., 70 F.3d 783, 788 (4th Cir. 1995) (noting that the court may only consider the "evidence that was before the plan administrator at the time of the decision."); (Pl.'s Reply Supp. J. 5.)  According to Wood, the December records support Dr. Patrick's changing his assessment of Wood's ability to return to work.  (Id.)

In light of the incomplete record before the court, the court remands the case to MetLife.  See Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir. 1985) (explaining that the district court should remand the claim to the plan administrator for a new determination of benefits rather than supplementing the record by admitting new evidence that was not before the plan administrator).  On remand, the parties may supplement the record to include and address the December records and may submit any additional evidence concerning the claim.  After the parties have had an opportunity to supplement the record, MetLife is ordered to reconsider Wood's claim in light of the complete record.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 22, 2005

2